# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight Alan Armbrust, Jr., | C/A No.: 3:20-791-JMC-SVH |
| Plaintiff, | |
| vs. | |
| | ORDER AND NOTICE |
| South Carolina Department of Employment and Workforce, | |
| Defendant. | |

Dwight Alan Armbrust, Jr. ("Plaintiff"), proceeding pro se, filed this complaint pursuant to Title VII of the Civil Rights Act of 1965 ("Title VII"), 42 U.S.C. § 2000e et seq., against the South Carolina Department of Employment and Workforce ("Defendant"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff alleges Defendant terminated his employment and engaged in discriminatory acts on October 8, 2018, that remain ongoing. [ECF No. 1 at 4]. He maintains Defendant discriminated against him based on his race, color, and national origin. *Id.* at 5. Plaintiff fails to recite facts that support his claim.

His complaint states "[p]lease see attached Paperwork," *id.* at 5, but he attaches only a Notice of Right to Sue letter, ECF No. 1-1.

II. Discussion

   A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.[1] To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by

---

[1] Plaintiff submitted an application to proceed in district court without prepayment of fees or costs ("Form AO 240"), which is construed as a motion for leave to proceed in forma pauperis. Plaintiff failed to fully complete his motion. Therefore, the undersigned is issuing a contemporaneous proper form order denying without prejudice Plaintiff's motion to proceed in forma pauperis with leave to refile with a completed application.

2

attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B. Analysis

1. Failure to State a Claim

Plaintiff alleges Defendant violated Title VII. [ECF No. 1 at 3]. Title VII creates a federal cause of action for employment discrimination and deems it unlawful for an employer "to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). It further makes it unlawful for an employer "to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(2).

Plaintiff makes a conclusory statement that Defendant violated Title VII, asserting violations based on race, color, and national origin. [ECF No. 1 at 5]. Although a plaintiff is not "require[d] to plead facts establishing a prima facie case [of discrimination]," *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 511 (2002), his "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). Plaintiff fails to allege any specific discriminatory action on the part of Defendant to support his claim.

4

*See* ECF No. 1 at 4, 5. Essentially, Plaintiff claims his employment was terminated, but he does not allege facts that support a finding his termination resulted from discrimination in violation of Title VII.

Accordingly, Plaintiff's claim is subject to summary dismissal, because he has alleged insufficient facts "to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

NOTICE CONCERNING AMENDMENT

Although Plaintiff has failed to allege sufficient facts to support a claim, he may be able to cure deficiencies in his complaint through amendment. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015). Plaintiff may file an amended complaint by **March 16, 2020**, along with any appropriate service documents. **Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself.** *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will

recommend to the district judge that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

February 24, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge